IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL ARMIJO,

    Plaintiffs,

    v.                                          No. CIV 14-0852 LH/CEG

STATE OF NEW MEXICO,
DISTRICT ATTORNEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For reasons stated below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

As a preliminary matter, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).  In support of the application, Plaintiff submitted a financial certificate (Doc. 4), indicating a balance in his inmate account.  The certificate also indicates that prison officials had deducted a sum from his account and forwarded it to the Court, although the docket does not reflect receipt of a payment.  In light of the disposition below and the information in Plaintiff's certificate, the application will be granted.

The caption of the complaint names as Defendants the State of New Mexico and a District Attorney (identified in text as Assistant D. A. Marisela I. Chavez).  Plaintiff alleges that in state court criminal proceedings, he received an illegal sentence and Defendants violated the terms of a plea agreement.  He contends that these actions violated his rights under the Fourth and Fourteenth Amendments.  The complaint seeks damages for loss of liberty.

The Defendants are immune to Plaintiff's claims in this § 1983 action.  First, as the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012).  Furthermore, "[T]he state . . . [is not a] 'person[]' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69-70 (1997); and citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)).  Because both Defendants are immune to Plaintiff's claims, the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE